CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 20, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DONSHEA O. DEANS, SR.,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00042** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **MICHAEL POZEG, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Donshea O. Deans, Sr., a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

Although Deans's 120-page amended complaint is difficult to decipher, the court liberally construes the pleading to assert claims under the Eighth Amendment stemming from an attack by another inmate at Wallens Ridge State Prison. Deans alleges that the assault occurred on April 13, 2023, and that it involved "Inmate Bradly," who appears to have been assigned to the top bunk in Deans's cell. Am. Compl., ECF No. 13, at 4, 8.

Deans alleges that Bradly "was found[] to be a gang member" on April 13, 2023, the same day that the attack occurred, and that Deans was "comatose" following the attack, which resulted in severe injuries to his face and neck. Id. at 8. Deans alleges that he remained in "comatose conditions" during a count or security check scheduled for 3:00 a.m. on April 14, 2023, and that he "did not see" any correctional officers at that time. Id. at 10. Likewise, Deans

alleges that he "did not see" the correctional officers responsible for performing another count at 5:45 a.m. Id.; see also id. at 9 (alleging that Deans "did not & was not scene buy [sic] a correctional officer").

At approximately 9:00 a.m. on April 14, 2023, a prison employee identified as Ms. Phillips arrived at Deans's cell to deliver his commissary order. Id. at 11. As soon as Ms. Phillips saw Deans's physical injuries, she began "yelling to lock down" the housing unit. Id. Once the lockdown occurred, Phillips escorted Deans to a correctional sergeant's office, and Deans was then taken to the medical unit, where he was examined by a registered nurse. Deans was subsequently transported to the emergency department at a local hospital, where he received nine stitches. Id. at 12–13.

Deans alleges that he asked to be assigned to a single cell once his injuries began to heal, since he had suffered "undue hardship and serious traumatiz[ing] treatment" in the cell in which he was housed during the attack. Id. at 13. Deans also alleges that he used the institutional grievance process to report "serious or unusual incidents" and that the grievances were "never founded." Id. at 13.

The amended complaint lists as defendants "Inmate Bradly et al." and "Michael Pozeg et al." Id. at 3. Deans devotes much of the remainder of the pleading to the relief he seeks to obtain, which includes monetary damages, unlimited subscriptions to specific pornography websites, electronic devices, real estate, luxury vehicles, semi-nude images, and commissary items. Id. at 19–74.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "[D]istrict courts are not the legal advocates of pro se litigants," Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026), and a complaint filed without counsel "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.    Discussion

Deans filed suit under 42 U.S.C. § 1983, which imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting

constitutional and statutory rights." <u>Safar v. Tingle</u>, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Having reviewed the amended complaint, the court concludes that it fails to state a viable claim for relief under § 1983 against any of the named or unidentified defendants.

As an initial matter, Deans has not alleged facts from which the court could reasonably infer that inmate Bradly acted "under color of state law" as required by § 1983. <u>Id.</u> "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). As other courts have recognized, an inmate involved in an altercation with another inmate "is not a person acting under color of state law." <u>Duvall v. Anderson</u>, No. 4:12-cv-00193, 2012 U.S. Dist. LEXIS 205496, at *3 (N.D. Tex. Apr. 13, 2012).

Michael Pozeg, the other named defendant, is not specifically mentioned in the allegations concerning the assault. To the extent Deans claims that Pozeg or other unidentified prison officials violated the Eighth Amendment by failing to protect him from being attacked by Bradly, the court concludes that he has failed to state a claim upon which relief may be granted.

Although "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society," not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Instead, "a

4

prison official violates the Eighth Amendment only when two requirements are met." Id. "First, the inmate 'must establish a serious deprivation of [the inmate's] rights in the form of a serious or significant physical or emotional injury,' or a substantial risk thereof." Raynor v. Pugh, 817 F.3d 123, 127 (4th Cir. 2016) (quoting Danser v. Stansberry, 772 F.3d 340, 346–47 (4th Cir. 2014)). Second, an inmate must demonstrate that prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 837 (internal quotation marks omitted).

Deliberate indifference is an "exacting standard" that is not met by "mere negligence or even civil recklessness." Jackson v. Lightsey, 775 F.3d 170, 1789 (4th Cir. 2014). "A plaintiff establishes deliberate indifference by showing that [a] prison official actually knew of and disregarded an excessive risk to inmate health or safety." Danser, 772 F.3d at 346 (internal quotation marks and alterations omitted). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." Id. (internal quotation marks omitted). "It is not enough that [officials] should have recognized it; they actually must have perceived the risk." Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 838).

Here, the amended complaint does not contain sufficient factual matter from which the court could reasonably infer that Pozeg or any other prison official acted with deliberate indifference prior to the attack by Bradly. Merely alleging that Bradly was determined to be a gang member on April 13, 2023—either before or after the attack—is insufficient to plausibly

5

suggest that any official actually knew of and disregarded a substantial risk of serious injury. See Wilson v. Ryker, 451 F. App'x 588, 590 (7th Cir. 2011) ("A claim of being celled with inmates of different . . . gang affiliations without more—such as the existence of a threat or history of violence—is too general and uncertain to state a plausible failure-to-protect claim."); Sutton v. Johnson, No. 7:10-cv-00070, 2010 U.S. Dist. LEXIS 42766, at *4–5 (W.D. Va. Apr. 30, 2010) (holding that an inmate's "alleged membership in a gang known for violence . . . did not put [a correctional officer] on notice that [the inmate] posed a specific risk of harm to his cell mates or to [the plaintiff] in particular"). As was true in Sutton, Deans does not allege that Bradly had made any threats to harm him prior to the attack or, if so, that he had communicated such threats to Pozeg or any other prison official. Sutton, 2010 U.S. Dist. LEXIS 42766, at *5. Nor does Deans set forth any other facts from which the court could reasonably infer that prison officials knew that housing Deans in the same cell with Bradly posed an excessive risk to Deans's health or safety. The United States Court of Appeals for the Fourth Circuit has made clear that "knowledge of a general risk of violence in a prison unit" is insufficient to establish deliberate indifference. King v. Riley, 76 F.4th 259, 266 n.6 (4th Cir. 2023). Accordingly, to the extent Deans seeks to hold Pozeg or any other prison official liable for the assault by Bradly, his amended complaint fails to state an Eighth Amendment claim of deliberate indifference.

Deans has also failed to plausibly allege that Pozeg or any other prison official acted with deliberate indifference to the injuries that resulted from the attack. See id. at 264 ("Prison officials violate the Eighth Amendment's cruel-and-unusual-punishment clause when they are deliberately indifferent to a substantial risk to an inmate's safety or medical needs.") (emphasis added). Deans alleges that he "did not see" the correctional officers responsible for conducting

6

rounds on two occasions following the attack, and there is no indication that those officers saw that he was injured inside his cell. Am. Compl. at 9–10. To the contrary, Deans alleges that he was "not scene [sic] by a correctional officer." Id. at 9. Insofar as the amended complaint could be construed to allege that officers failed to perform adequate security checks or rounds in the hours following the attack, such allegations would at most support a claim of negligence— not deliberate indifference. See Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013) ("The failure to conduct the cell checks and head counts is negligence of the purest form; it is of no value in answering the key question here—namely, whether [the defendants] knew of a substantial risk of serious harm to Goodman."); Tucker v. Evans, 276 F.3d 999, 1001–02 (8th Cir. 2002) (holding that a correctional officer's failure to perform his inspection duties at most constituted gross negligence and did not support a finding of deliberate indifference). This is true even if the correctional officers' actions or omissions violated prison security policies. See King, 76 F.4th at 267 ("[T]he record does not show a policy requiring an officer to look into each cell window. Even if it did, knowingly violating a prison policy does not amount to deliberate indifference.") (emphasis omitted) (citing Rich v. Bruce, 129 F.3d 336, 339–40 (4th Cir. 1997)).

Additionally, Deans acknowledges that he was taken to the medical department after Ms. Phillips discovered his injuries, that a registered nurse examined him in the medical department, and that he was subsequently taken to the emergency department at a local hospital, where he received stitches. He does not plausibly allege that any correctional or medical staff member he encountered during the intervening period acted with deliberate indifference to his serious medical needs.

Finally, to the extent Deans suggests that prison officials failed to properly investigate or respond to grievances filed after the altercation, such claim is also subject to dismissal. "There is no statutory or common law right, much less a constitutional right, to an investigation," Mitchell v. McNeil, 487 F.3d 374, 378–39 (6th Cir. 2007), and a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) ("Geiger does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Additionally, Deans does not allege that he had any further interactions with Bradly following the incident or that any subsequent housing assignment posed a substantial risk of serious harm.

## IV.    Conclusion

For these reasons, the court concludes that Deans's amended complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, the court will dismiss the action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: May 20, 2026

Michael F. Urbanski
U.S. District Judge
2026.05.20
15:02:12 -04'00'

Michael F. Urbanski
Senior United States District Judge